FILED
2018 May-17 PM 03:04
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CASSONDRA MARIE LAWSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| V. ) | Civil Action Number |
| ) | 2:17-CV-1461-KOB |
| SANTA FE NATURAL ) | |
| TOBACCO COMPANY, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This matter is before the court on Defendant Santa Fe Tobacco Company's "Motion to Compel Arbitration and Dismiss Plaintiff's Claims or, in the Alternative, Stay the Proceedings." (Doc. 16). Plaintiff Lawson's suit claims that Santa Fe discriminated against her on the basis of her race, color, and gender in violation of 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964.

For the reasons stated in this Memorandum Opinion, the court will GRANT the motion to compel arbitration and DISMISS the case WITHOUT PREJUDICE.

**I. UNDISPUTED FACTS**

Plaintiff Cassondra Lawson is an African-American female, who was employed by Defendant Santa Fe Natural Tobacco Company, Inc. from May 20,

1

2013, until December 19, 2016. (Docs. 7 at 3; 24-1 at 2). At that time, she was transferred to her current position with RAI Trade Marketing Services Company.[1] (Doc. 24-1 at 2). As a condition of her employment, Ms. Lawson entered into an arbitration agreement with Reynolds American, Inc. and "its subsidiary and affiliated companies" on April 3, 2013. (*Id.* at 6).

The Agreement provides that by entering the agreement, Ms. Lawson and RAI's subsidiaries (including Santa Fe) "waive any right they may have to go to court and try covered claims . . .before a judge or jury." The Agreement further states that Ms. Lawson's "employment . . . with the Employer after the execution of this Agreement and any promotion, transfer or other change in the terms and conditions of employment constitute consideration for the Agreement."

The Agreement expressly provides that Ms. Lawson and Santa Fe "agree and understand" that the Agreement requires the parties to resolve all "Covered Claims" through final and binding arbitration rather than litigating their disputes in court. The Agreement applies to any "Covered Claim" that arises or is asserted during or after Ms. Lawson's employment. And "Covered Claims" include all statutory claims, including those alleging discrimination and retaliation. By its

---

[1] Defendant Santa Fe Natural Tobacco Company, Inc. and RAI Trade Marketing Services Company are wholly owned subsidiaries of Reynolds American, Inc. ("RAI"). (Doc. 24-1 at 2).

own terms, the Agreement became effective on April 3, 2013.

**II. DISCUSSION**

Ms. Lawson does not dispute the arbitration agreement's existence or its contents. Her argument against arbitrating her claims rests solely on her contention that Santa Fe has "unreasonably" delayed seeking arbitration and "ignored their contractual obligation to resolve all their dispute[s] with" Ms. Lawson through the arbitration process that Santa Fe now seeks to compel. (Doc. 22 at 1). She further states that "Defendant has had every opportunity for arbitration through the EEOC complaint but the Defendant chose not to arbitrate because discrimination in the workplace is not and has not been important to them." (*Id.*).

However, a party does not waive its right to arbitrate by failing to raise the arbitration issue with the EEOC. *Brown v. ITT Consumer Fin. Corp.*, 211 F.3d 1217, 1222 (11th Cir. 2000). Rather, a party waives its right to arbitrate when it substantially participates in litigation "to a point inconsistent with an intent to arbitrate, which results in prejudice to the other party." *Id.* (internal quotations omitted). And the Eleventh Circuit has recognized that the other party is not "prejudiced" if the demand for arbitration is made promptly after the lawsuit is filed and the other party does not suffer delay or the expenses of litigation. *Id.*

In the present case, Ms. Lawson perfected service of process on Santa Fe on

3

March 3, 2018. On March 6, 2018, Santa Fe's counsel emailed Ms. Lawson the Arbitration Agreement and requested that she stipulate to arbitration. (Doc. 24-2 at 12). Santa Fe filed its answer to Ms. Lawson's complaint on March 15, 2018, in which it contested this court's subject matter jurisdiction over the case "because Plaintiff and Defendant entered into a valid and enforceable arbitration agreement that covers all her claims against Defendant." (Doc. 14 at 2). Then, Santa Fe filed this motion to compel arbitration on April 20, 2018. (Doc. 16). Thus, Santa Fe did not delay in pursuing the arbitration of Ms. Lawson's claims, and did not waive its right to pursue arbitration.

Because the parties voluntarily entered into a binding arbitration agreement, Ms. Lawson's claims fall within the scope of that agreement, and Santa Fe has not waived its right to enforce that agreement, the court will **GRANT** Santa Fe's motion to compel arbitration and will **DISMISS** Ms. Lawson's claims **WITHOUT PREJUDICE**. The court will enter a separate Order consistent with this Memorandum Opinion.

**DONE** this 17th day of May, 2018.

_/s/ Karon O. Bowdre_
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE